Alan J. Leiman (OSB No. 98074)
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401
alan@leimanlaw.com

Drew G. Johnson (OSB No. 114289)
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401
drew@leimanlaw.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **MARCUS LEWIS,** an individual,<br><br>Plaintiff,<br><br>        v.<br><br>**DOSS CONSULTING, INC.**, a Nevada corporation doing business as **SPYCE GENTLEMEN'S CLUB**,<br><br>Defendant. | **CASE NO**.: 6:14-cv-01156<br><br>**FAIR LABOR STANDARDS ACT** 29 U.S.C. § 201 *et. seq*.; **OREGON WAGE and HOUR LAWS** (ORS Chapters 652 and 653)<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, MARCUS LEWIS brings this Fair Labor Standards Act ("FLSA") Complaint for violations of the overtime provisions of the FLSA, and for violations of Oregon's Wage and Hour laws against Defendant, DOSS CONSULTING, INC. dba SPYCE GENTLEMEN'S CLUB ("DOSS"). Plaintiff makes his allegations on personal knowledge, or where indicated upon information and belief.

## INTRODUCTION

1.      This is an individual action to recover unpaid overtime wages brought under the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS

652 and 653.

2.      This action seeks compensatory and liquidated damages, attorney's fees, taxable costs of

court, pre- and post-judgment interest and penalty wages for Defendant's willful failure to pay

Plaintiff wages, including overtime wages, and other relief, pursuant to 29 U.S.C. § 216(b) and

Oregon Wage and Hour Laws, ORS 652 and 653.

3.      Plaintiff demands a jury trial on all issues that may be tried to a jury.

4.      This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

5.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under

the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; 28 U.S.C. § 1331; and 28 U.S.C. §1337,

as it arises under acts of Congress regulating commerce.   Jurisdiction of the state law claims is

conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same

case or controversy as the federal claims under Article III of the United States Constitution.

6.      Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial

part of the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

7.      Plaintiff Marcus Lewis is a resident of Lane County, Oregon. Plaintiff was employed at

Defendant's Spyce Gentlemen's Club ("SPYCE") in Springfield, Oregon, providing security and

disk jockey services between May 2013 and August 2013. Defendant owes Plaintiff unpaid

wages, including overtime, liquidated damages, tips, and penalty wages under the FLSA and Oregon Wage and Hour laws.

8.      Defendant DOSS is a Nevada corporation registered as a Foreign Business Corporation in Oregon.   DOSS operates SPYCE, an adult entertainment bar located in Springfield, Lane County, Oregon.   DOSS is an enterprise engaged in commerce or the production of goods for commerce and has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.

9.      Defendant is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

10.     At all material times, Defendant was Plaintiff's employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant directly or indirectly acted in the interest of an employer toward the Plaintiffs at all material times, including, without limitation, directly or indirectly controlling all employment terms and conditions of the Plaintiff.

11.     At all material times, DOSS has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because it had employees engaged in commerce. Based upon information and belief, the annual gross sales volume of DOSS was in excess of $500,000.00 per annum at all times material hereto.  Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

12.     At all material times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

13.     Plaintiff has retained the law firm of Leiman & Johnson, LLC and has incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiff is entitled to recovery of his reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations - 29 U.S.C § 207)

14.     Plaintiffs re-allege and incorporate herein by reference, all allegations contained in paragraphs 1 through 13 above.

15.     At all material times, Plaintiff performed duties for the benefit of, and on behalf of Defendant. Defendant was required to pay the Plaintiff in accordance with the overtime provisions of the FLSA.

16.     Plaintiff alleges the FLSA was violated when he was not paid the correct amount of overtime due to him under the FLSA.

17.     Defendant has not paid Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in a workweek in violation of 29 U.S.C. § 207.

18.     Plaintiff is owed overtime wages for all hours worked over 40 in a workweek at a rate equal to one-half his regular rate of pay per overtime hour for each overtime hour for which Plaintiff was previously paid only his regular rate of pay.

19.     At all material times hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-209 in that the Plaintiff performed services and labor for Defendant for which Defendant failed to pay the correct amount of overtime when due. Plaintiff is entitled to liquidated damages, or, alternatively, an Oregon wage penalty for Defendant's willful failure to pay overtime when due.

20.     Plaintiff bring this action seeking unpaid overtime compensation, liquidated damages, pre-judgment interest, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

21.     Defendant violated §207 of the FLSA when it willfully failed to pay overtime to the Plaintiff at one and one-half times his regular rate of pay for all hours worked over 40 in a workweek during the applicable statutory period.

22.     Defendant's failure to pay the Plaintiff all overtime earned at one and one-half times his regular rate of pay resulted from the Defendant's willful act of knowingly adopting a pay practice and policy to pay employees their regular rate of pay for all hours worked over 40 in a workweek and not to pay such hours at one and one-half times the employees' regular rate of pay. Defendants' policy thus violated the FLSA and resulted in the underpayment of overtime pay to Plaintiff.

23.     The time and pay records relating to Plaintiff's employment are in the possession and control of Defendant.

24.     As a result of Defendants' failure to pay the all of the overtime he earned, Plaintiff has incurred actual damages and is entitled to liquidated damages or a penalty for the overtime violation pursuant to Oregon Revised Statute ("ORS") 653.055, whichever is greater, but not both.

25.     By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
**(Failure to Pay Wages Due on Termination of Employment - ORS 652.140)**

26.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 13 above.

27.     Plaintiff's last day on the job at SPYCE was August 17, 2013.  Plaintiff's final paycheck, which he received a few days following his separation, did not include approximately $380 of earned wages, exclusive of any unpaid overtime as alleged in Plaintiff's First Claim for Relief.

28.     Plaintiff made a demand written demand by text message to Mike James Rogers, Plaintiff's manager at SPYCE for the payment of the wages that were owed Plaintiff but not paid

in his final paycheck.  By return text message, manager Rogers advised Plaintiff that the unpaid wages totaled $380, and Rogers indicated to Plaintiff that he would be paid.

29.     More than thirty (30) days has elapsed since Plaintiff demanded his wages and Defendant has not paid Plaintiff.

30.     Defendant violated ORS 652.140 when it failed to pay Plaintiff all wages due upon termination.

31.     Plaintiff is entitled to his actual unpaid wages and a wage penalty computed pursuant to ORS 652.150.

32.     Plaintiff is entitled to the recovery of reasonable attorney fees and costs incurred in prosecuting this action pursuant to ORS 652.200. Plaintiff is also entitled to his prejudgment and post-judgment interest on all awards.

### THIRD CLAIM FOR RELIEF
### (Unlawful Withholding of Tip Income; Unlawful Deduction - ORS 652.610)

33.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 - 13 above.

34.     During the term of Plaintiff's employment at SPYCE, it was customary for dancers to tip the security and DJ's at the end of each shift.

35.     At all times material hereto, SPYCE had a point of sale ("POS") system that enabled dancers to receive payments from customers using credit cards.  As part of the end-of-shift reconciliations between SPYCE and the individual dancers who received credit card payments, Plaintiff is informed and believes, and therefore alleges that dancers with credit card receipts to reconcile, would designate a tip to be paid to Plaintiff from the dancer's credit card receipts, but that Defendant, who managed the POS system and the credit card payments and receipts, did not in turn pay Plaintiff the tips he was designated to receive.

6 - Complaint

36.    The records of the credit card reconciliations are in possession and control of Defendant.

37.    The failure to pay Plaintiff the tips to which he was entitled was an unlawful deduction pursuant to ORS 652.610 because Plaintiff did not authorize the withholding of tip income.

38.    As a result of Defendant's willful deduction of Plaintiff's credit card tip income, Defendant is liable to Plaintiff for the actual amount of the withheld tip income to be determined at trial, and for a separate penalty, in accordance with ORS 652.615 to be computed pursuant to ORS 652.150.

39.    Plaintiff is entitled to the recovery of reasonable attorney fees and costs incurred in prosecuting this action pursuant to ORS 652.200. Plaintiff is also entitled to his prejudgment and post-judgment interest on all awards.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to grant the following relief:

1.    On the First Claim for Relief, award Plaintiff his actual damages for unpaid overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to 29 U.S.C. §207; or in the alternative an Oregon Wage penalty computed pursuant to ORS 652.150, whichever is greater.

2.    On the Second Claim for Relief, award Plaintiff his actual damages of $380, or an amount to be proven at trial, plus an Oregon Wage penalty computed pursuant to ORS 652.150, in an amount to be determined at trial, plus pre-judgment interest in an amount to be determined at trial.

3.    On the Third Claim for Relief, award Plaintiff his actual withheld credit card tip income in an amount to be determined at trial, plus an Oregon Wage penalty

computed pursuant to ORS 652.150, in an amount to be determined at trial, plus

pre-judgment interest in an amount to be determined at trial.

4.   Award Plaintiff his reasonable attorney fees and costs;

5.   Award Plaintiff his pre-judgment and post-judgment interest; and

6.   Award Plaintiff any and all such other legal and equitable relief as this Court

deems just and proper.

DATED JULY 20, 2014.

<div style="margin-left: 40%;">

Respectfully submitted,

__/s Alan J. Leiman_____
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  98074
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiff


__/s Drew G. Johnson_____
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.:  114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiff

</div>